CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV 2 6 2012

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:03-cr-30067 |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| DERRICK LAMONT GALLOWAY, | ) | By:  Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Derrick Lamont Galloway, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the United States' motion to dismiss and dismiss the § 2255 motion as untimely filed.

**I.**

I entered petitioner's criminal judgment on August 30, 2004, and sentenced petitioner to, inter alia, 320 months' incarceration for possessing with intent to distribute five grams or more of cocaine base, in violation of 18 U.S.C. § 841(a)(1). Petitioner did not appeal.

Petitioner filed an unsigned letter on October 11, 2011, alleging that he just learned that counsel appointed to represent him during the criminal proceedings did not file an appeal as petitioner instructed in 2004. The court construed the letter as challenging the criminal judgment and conditionally filed the letter as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 and Castro v. United States, 540 U.S. 375 (2003). Petitioner subsequently filed a verified form § 2255 motion on March 14, 2012, in which he argues that his guilty plea was not knowing and voluntary; counsel rendered ineffective assistance by not describing the elements of

the offense before the guilty plea and by not filing an appeal as petitioner instructed; and he should not have been sentenced as a career offender.

## II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. United States v. Frady, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their federal sentences by filing motions to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, within the one-year statute of limitations. This limitations period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's criminal judgment became final in September 2004 when the time expired for petitioner to file an appeal. See Fed. R. App. P. 4(b)(1)(A)(i) (2004) (permitting an appeal to be filed within 10 days of judgment); United States v. Clay, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), petitioner had until September 2005 to timely file his § 2255 motion,

but he did not file the motion until October 2011. See Rule 3, R. Gov. § 2255 Proceedings (discussing prison-mailbox rule for § 2255 motions).

Petitioner argues that his § 2255 motion should be considered timely filed because he recently learned that appointed counsel did not file an appeal despite petitioner's instruction in 2004. See 28 U.S.C. § 2255(f)(4) (permitting a § 2255 motion when filed within one year of when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence). Petitioner explains that he asked counsel about an appeal via a letter in October 2006, and he avers that he first learned that counsel had not filed an appeal on October 31, 2006, when counsel replied that no appeal had been filed. (Pet'r's Aff. (ECF no. 82-2) 1-2.)

I find that petitioner did not exercise due diligence by waiting until October 2006 to write counsel a letter asking about an appeal that should have been filed in 2004. Even if such a tardy inquiry could constitute due diligence, petitioner filed the instant § 2255 motion more than one year after petitioner received counsel's letter on October 31, 2006, explaining no appeal had been filed. Accordingly, petitioner's § 2255 motion is untimely filed via either § 2255(f)(1) or (f)(4).[1]

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida,

---

[1] Petitioner does not argue timeliness under § 2255(f)(2) or (f)(3).

___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). I do not find any extraordinary circumstance in the record that prevented petitioner from filing a timely § 2255 motion. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, I find that petitioner filed his § 2255 motion beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

### III.

For the foregoing reasons, I grant the United States' motion to dismiss and dismiss petitioner's 28 U.S.C. § 2255 motion as untimely filed. Based upon my finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for the United States.

**ENTER:** This 26th day of November, 2012.

Senior United States District Judge